FORM 3015-1 CHAPTER 13 PLAN
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: | MODIFIED CHAPTER 13 PLAN |
| | DATE 7/21/2009 |
| THOMAS AND MELODIE DUKOWITZ | CASE NO. 09-44472 |

**1. DEBTOR'S PAYMENTS TO TRUSTEE**

a. As of the date of the plan, debtor has paid the trustee $0.00

b. After the date of this plan, debtor will pay the trustee $400.00 per month for 60 months beginning within 30 days days after the order for relief for a total of $24,000.00 The minimum plan length is 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee: $0.00

d. The Debtor will pay the trustee a total of: $24,000.00    {line 1a + line 1b +line 1c}

**2. PAYMENTS BY TRUSTEE** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments or, $2,400.00    {line 1d x .10}

**3. ADEQUATE PROTECTION PAYMENTS 1326 (a) (1) C)** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of Month | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. | | | | $0.00 |
| b. | | | | |
| c. | | | | |
| d. TOTAL | | | | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES §365** - The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in # 7

| | Creditor | Description of Property |
|---|---|---|
| a. | | |
| b. | | |

**5. CLAIMS NOT IN DEFAULT** Payments on the following claims are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the to the to the creditors. The creditors will retain their liens. The creditor can continue to invoice the debtor.

| | Creditor | Description of Property |
|---|---|---|
| a. | Washington Mutual | home |
| b. | American National Bank | commercial rental property |
| c. | | |
| d. | | |

**6. HOME MORTGAGES IN DEFAULT (sec. 1322(b)(5) and 1322 (e)).** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a | | $0.00 | | | | |
| b. | | | | | | $0.00 |
| c. | | | | | | |
| d. TOTAL | | $0.00 | $0.00 | | | $0.00 |

**7. SECURED CLAIMS IN DEFAULT (§ 1322(b)(3) and (5) and §1322(e))** The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| | Creditor | Amount of Default | Int. Rate (if applicable) | Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | | | | | | | |
| b. | | | | | | | |
| c. | | | | | | | |
| d. other | | $0.00 | | | | | $0.00 |

**8. OTHER SECURED CLAIMS SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims util the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.

**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS**

PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Amount of Claim | Secured Claim | Intrest Rate | Beginning in Month # | Monthly Payments | x | Number of Payments | = | Payments on Account of Claim | (Adequate) Protection from #3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | | | |
| b. | | | | | | | | | | | |
| c. | | | | | | | | | | | |
| d. Total | $0.00 | $0.00 | | | | | | | | | $0.00 |

9. PRIORITY CLAIMS the trustee will pay in full all claims entitled to priority under §507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| Creditor | Amount of Claim | Monthly Payment | Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney fees | $2,774.00 | $607.50 | 1 | 5 | $2,774.00 |
| b. IRS 2008-2009 | $11,207.00 | PRORATA | 6 | 28 | $11,207.00 |
| c. MN REVENUE 2008-09 | $6,054.00 | PRORATA | 6 | 28 | $6,054.00 |
| d. | | | | | |
| f. TOTAL | $20,035.00 | | | | $20,035.00 |

10. SEPARATE CLASS OF UNSECURED CREDITORS In addition to the class of unsecured creditors specified in #11, there shall be separate classes of non-priority unsecurity creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| b. | | | | | |
| c. TOTAL | | $0.00 | | | $0.00 |

11. TIMELY FILED UNSECURED CREDITORS    The trustee will pay the holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all payments received by the trustee and not paid under # 2, 3,6, 7, 8, 9 and 10 their pro rata share of approximately    $1,565.00    line 1(d) minus lines 2, 6(d), 7(d) and 8(d), 9 (f) and 10)].

a. The debtor estimates that the total unsecured claims by creditors listed in paragraph 8 are    $0.00
b. The debtor estimates that the total unsecured claims (excluding those in #8 & #10) are    $213,153.00
c. Total estimated unsecured claims are    $    line 11(a) + line 11 (b).    $213,153.00

12. TARDILY FILED UNSECURED CREDITORS    All money paid by the debtor to the trustee under #1 but not distributed but not distributed by the trustee under #2,3,6,7,8, 9, 10 or 11will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. SEPARATE CLASS OF SECURED CREDITORS In addition to the class of secured creditors specified in ¶6, there shall be a separate class of creditors asserting a security interest in real property that is the debtor's principal residence. The liens of these creditors upon the debtor's principal residence shall be avoided pursuant to 11 U.S.C. §506(a) because of the lack of collateral value and their claims shall be paid by the trustee as a wholly unsecured, non-priority claim and the unpaid balance discharged at the conclusion of the plan term and within 20 days the creditor shall file a satisfaction of the second mortgage. If creditor fails to satisfy the second mortgage, debtors may obtain an order and judgment voiding the second mortgage. The debtor will not make payments directly to the creditor after the filing of the Chapter 13 case. CONFIRMATION OF THE CHAPTER 13 PLAN SHALL CONSTITUTE A FINDING OF FACT THAT THE CLAIM IS AN UNSECURED CLAIM IN ITS ENTIRETY.

| Creditor | Claim Amount | Total |
|---|---|---|
| a. HOMECOMINGS FINANCIAL | $68,852.00 | $68,852.00 |

14. OTHER PROVISIONS    The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
Income withholding for on-going child support will continue.
All projected disposable income has been dedicated to the plan for the first three years in compliance with 11 U.S.C. 1325 (b)(1)(B).
Pursuant to 11 USC Section 1305 (a)(1), claims for 2009 post petition Federal Income taxes are to be included in the plan.

15. SUMMARY OF PAYMENTS-

| | |
|---|---|
| Trustee's fee [line 2].............................................. | $2,400.00 |
| Home Mortgage Defaults [line 6(d)]....................... | $0.00 |
| Claims in defaults [line 7(d)]. ....................... | $0.00 |
| Other Secured Claims [line 8(d)]............................ | $0.00 |
| Priority claims [line 9f]........................................... | $20,035.00 |
| Separate Class [line 10(C)]...................................... | $0.00 |
| Unsecured Creditors [line 11]................................ | $1,565.00 |
| TOTAL [must equal line 1(d)]............................ | $24,000.00 |

ROBERT L KALENDA
919 WEST ST GERMAIN ST STE 2000
ST CLOUD MN 56301
(320)255-8840

SIGNED: _____ DEBTOR

SIGNED: _____ JOINT DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

    Thomas and Melodie Dukowitz,                          Bky.No.09-44472

    Debtors.                                               Chapter 13 Bankruptcy

NOTICE OF MODIFICATION OF
CHAPTER 13 PLAN BEFORE CONFIRMATION

TO:     ALL INTERESTED PARTIES

1.     Pursuant to Local Rule 3015-2, Debtors, by their undersigned attorney, Robert L. Kalenda, hereby give notice that the Court will hold a confirmation hearing on the modified Chapter 13 plan at 10:00 a.m. on September 3, 2009, in Courtroom 7 West, 300 South 4th Street, US Courthouse, Minneapolis, Minnesota.

Dated:     8-18-09

                                                           KALENDA LAW OFFICE

                                                          By:     /e/ Robert L. Kalenda
                                                                     Robert L. Kalenda
                                                                     Attorney for Debtor(s)
                                                                     919 West St. Germain, Suite 2000
                                                                   St. Cloud, MN 56301
                                                                   (320) 255-8840
                                                                   MN Registration #53260

UNSWORN CERTIFICATE OF SERVICE

I, Theresa Loch-Thoele, declare under penalty of perjury that on August 18, 2009, I mailed copies of the foregoing Amended Chapter 13 Plan, Notice of Modification of Chapter 13 Plan Before Confirmation and Amended Schedules I & J In Re: Thomas and Melodie Dukowitz Bky. No. 09-44472 by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Interested Parties on attached service list

Executed on: 8-18-09

Signed: _____
Theresa M Loch-Thoele
KALENDA & ASSOCIATES
919 West St. Germain, Suite 2000
St. Cloud, MN 56301

```
THOMAS J DUKOWITZ
2350 IMPERIAL DR
ST CLOUD MN 56301




MELODIE A DUKOWITZ
2350 IMPERIAL DR
ST CLOUD MN 56301




AMERICAN NATIONAL BANK
PO BOX 7749
ST CLOUD MN 56301




AT&T UNIVERSAL
PO BOX 44167
JACKSONVILLE FL 32231-4167




BANK OF AMERICA
PO BOX 15026
WILMINGTON DE 19850




BANK OF AMERICA
PO BOX 15027
WILMINGTON DE 19850




CHASE
PO BOX 94014
PALATINE IL 60094




CHASE BANK ONE
PO BOX 94014
PALATINE IL 60094-4014




DEBT CONSULTANTS OF AMERICA
8140 WALNUT HILL LN #204
DALLAS TX 55231
```

```
DISCOVER
PO BOX 30943
SALT LAKE CITY UT 84130




DISCOVER
PO BOX 15316
WILMINGTON DE 19850-5316




GE MONEY
PO BOX 981422
EL PASO TX 79998-1422




GM CARDMEMBER SERVICES
DEPT 9600
CAROL STREAM IL 60128-9600




HOMECOMINGS FINANCIAL
PO BOX 205
WATERLOO IA 50704




IRS
PO BOX 21126
PHILADELPHIA PA 19114




MN DEPARTMENT OF REVENUE
SPECIAL ACTIONS
551 BANKRUPTCY SECTION
PO BOX 64447
ST PAUL MN 55164


SAMS CLUB DISCOVER
PO BOX 960013
ORLANDO FL 32896-0013




SEARS
PO BOX 6282
SIOUX FALLS SD 57117-6282
```

TARGET
PO BOX 59317
MINNEAPOLIS MN 55459-0317



UNION PLUS CREDIT CARD
PO BOX 5222
CAROL STREAM IL 60197-5222



US BANK
PO BOX 790408
ST LOUIS MO 63179-0408



US BANK RESERVE
PO BOX 5222
CAROL STREAM IL 60197-5222



WASHINGTON MUTUAL
PO BOX 100576
FLORENCE SC 29501-0576

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**THOMAS J DUKOWITZ**

**MELODIE A DUKOWITZ**                                              **SIGNATURE DECLARATION**

                                                                        Debtor(s).        Case No. _____

_____ PETITION, SCHEDULES & STATEMENTS

_____ CHAPTER 13 PLAN

_____ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION

✓ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

✓ MODIFIED CHAPTER 13 PLAN

_____ OTHER (Please describe: _____ )

We **THOMAS J DUKOWITZ, MELODIE A DUKOWITZ**, the undersigned debtor(s) or authorized representative of the debtor,
*make the following declarations under penalty of perjury:*

• The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

• The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

• **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

• I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

• **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 7-30-09

X _____    X _____
    Signature of Debtor or Authorized Representative      Signature of Joint Debtor

**THOMAS J DUKOWITZ**                            **MELODIE A DUKOWITZ**
Printed Name of Debtor or Authorized Representative      Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)